**<u>AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT</u>**

I, Special Agent Cyril Pereira, being first duly sworn, hereby depose and state as follows:

**<u>INTRODUCTION AND AGENT BACKGROUND</u>**

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (the "ATF"). I am empowered to investigate and make arrests for the offenses set forth in 18 U.S.C. § 2516. As such, I am an "Investigative or law enforcement officer" within the meaning of 18 U.S.C. § 2510(7).

2. I previously worked as a Customs and Border Protection Officer assigned to the Tactical Terrorism Response Team at John F. Kennedy International Airport from 2011 to 2018. My duties included, but were not limited to, coordinating efforts with the Joint Terrorism Task Force to conduct interviews of terror suspects, and known members of the Terrorist Watchlist as they traveled internationally.

3. I am currently assigned to the ATF Puerto Rico Group II Field Office in the Miami Field Division and have been so employed since October 2018. As a Special Agent with the ATF, I conduct criminal investigations concerning the alleged violations of Federal laws and violent crimes. In this capacity, I have been involved in the investigations of multiple cases. Through training, investigations, and experience, I have taken part in cases relating to the trafficking of firearms, the use and possession of firearms by persons prohibited by law, and the possession of illegal firearms. I also have extensive experience in narcotics investigations being cross-designated in the past with the Drug Enforcement Administration while running a Title III narcotics investigation.  I am familiar and have participated in various methods of investigations, including, but not limited to: electronic surveillance, physical surveillance,

1

interviewing and general questioning of witnesses, use of confidential informants, use of cooperating witnesses, and use of toll records and subscribers information.  I possess a bachelor's degree in Criminal justice and a master's degree in Public Administration.

4. The details and information stated herein are based on my training, experience, and personal knowledge and compilation of facts and events investigated by me and other Law Enforcement Officers who investigated and confirmed their veracity or oversaw their development. I have drafted this affidavit for the limited purpose of establishing probable cause that [1] Noe Emanuel TORRES-SANTIAGO, [2] Jose Angel COLON-ARROYO, and [3] Efren COIMBRE-LUGO violated Title 18, United States Code, Section 922(o) (possession of a machine gun), and Title 18, United States Code, Section 922(k) (possession of a firearm with an obliterated serial number) and that [3] Efren COIMBRE-LUGO also violated Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a convicted felon). Therefore, I have not included all the facts of this investigation.

## FACTS SUPPORTING PROBABLE CAUSE

5. According to the Puerto Rico Police Department (PRPD) and information gathered by Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and other investigative partner agencies, PRPD Agent Eddie Santiago Rentas Badge:31718 was shot and killed on April 10, 2026 during a PRPD undercover operation.

6. According to the PRPD, on April 10, 2026, the Ponce Drug Division Undercover Unit convened to discuss an operational plan to conduct a controlled purchase of firearms, using a PRPD Undercover Agent.

7. The controlled purchase of firearms on April 10, 2026, was arranged to take place at the parking lot of Sams's Club, located in Ponce, Puerto Rico.  According to the PRPD, the target of the investigation, [1] Noe Emanuel TORRES-SANTIAGO had arranged to sell the PRPD Undercover Agent a Draco Pistol and Glock 19, Gen 5 pistol. [1] TORRES-SANTIAGO previously communicated to the PRPD Undercover that both of the firearms were "chipped" or had machinegun conversion devices.  The negotiated price for both chipped pistols was a total of $5,000.00 USD.

8. According to PRPD agents involved in the investigation and the PRPD databases,[1] TORRES-SANTIAGO had a valid Puerto Rico Firearms license with nineteen (19) firearms registered to him.

9. On April 10, 2026, prior to the planned controlled purchase of firearms, the PRPD Undercover Unit designated three PRPD Agents as a backup unit to remain in close proximity to where the firearm transaction was to occur, in the event the PRPD Undercover Agent may need backup assistance. One of the PRPD Agents designated in the backup unit was the handler of the Undercover Agent: PRPD Agent Eddie Santiago Rentas.  There was also a surveillance unit which was designated with two additional PRPD Agents.

10.   In the afternoon of April 10, 2026, all PRPD Agents involved in the undercover operation took up their positions in and near the Sam's Club Parking Lot in Ponce.  The Undercover Agent, parked his vehicle in the east side of the Sam's Club Parking Lot and waited for [1] TORRES-SANTIAGO to arrive. At approximately 1:06PM, a white Ford Fiesta sedan, was observed parking next to the Undercover Agent's vehicle.  A masked individual, in dark color clothing, wearing a glove was observed exiting from the front-passenger door of the Ford Fiesta and walking over to the Undercover Agent's vehicle.  This individual then opened the front-

passenger door of the Undercover Agent's vehicle and began engaging the Undercover Agent in conversation regarding the firearms transaction.  This individual was later identified as [1] TORRES-SANTIAGO. [1] TORRES-SANTIAGO asked the Undercover Agent to count the $5,000.00 USD in front of him while he stood outside of the Undercover Agent's vehicle with the front-passenger door open.

11.    Once the Undercover Agent was close to completing the count, [1] TORRES-SANTIAGO was observed removing a pistol from his waistband and pointing it at the Undercover Agent, attempting to rob him.  Simultaneously another masked individual was observed exiting the Ford Fiesta, from the rear-driver side door, also in dark color clothing and with a pistol in his hand.  This individual was later identified as [2] Jose Angel COLON-ARROYO and was observed quickly opening the rear-passenger side door of the Undercover Agent's vehicle and attempted to assist [1] TORRES-SANTIAGO in the robbery. A third individual, later identified as [3] Efren COIMBRE-LUGO, was present in the driver's seat of the Ford Fiesta.

12.    Backup units quickly converged by foot to the scene of the attempted robbery taking place. According to the PRPD, PRPD Agent Santiago-Rentas used the Ford Fiesta as cover while engaging both suspects with his pistol.  According to PRPD, while engaging the suspects in gun fire, PRPD Agent Santiago-Rentas was struck by gun fire from [2] COLON-ARROYO. The sound of rapid gunfire can be heard in the surveillance footage consistent with the sound of a machinegun when fired.  According to the PRPD present at the scene this gunfire came from [2] COLON-ARROYO's pistol.  Both suspects suffered gunshot wounds from the responding PRPD Agents and were subsequently transported to the Hospital where they remain. The DRIVER of the Ford Fiesta fled the scene. PRPD Agent Santiago-Rentas succumbed to his wounds and was pronounced deceased when he arrived at the hospital.

4

13. ATF Special Agents (SAs) and Task Force Officers (TFOs) arrived on scene and joined the investigation effort shortly after the incident.

14. ATF SAs determined that the firearm used by [1] TORRES-SANTIAGO was a Glock 23, .40 Caliber Pistol, with a blue grip that reads "Supreme", an obviously obliterated serial number, and an internal machine gun conversion device installed in the rear of the slide of the firearm. The Firearm used by [2] COLON-ARROYO was a Glock 19, Gen 5, 9mm Pistol with a green grip that reads "Supreme", an obviously obliterated serial number, and an external, green in color machine gun conversion device, which protrudes from the rear of the slide of the firearm.

15. A preliminary function test was conducted on both firearms by an ATF Special Agent who determined that they may be capable of firing more than one round of ammunition with a single function of a trigger. The Puerto Rico Institute of Forensic Sciences lab will conduct further analysis of the two suspected machineguns and provide formal determination.

16. The images below depict the firearms that were used by [1] Noe Emanuel TORRES-SANTIAGO, [2] Jose Angel COLON-ARROYO, and [3] Efren COIMBRE-LUGO during the attempted robbery and the aforementioned features of the firearms.








17. Because [1] TORRES-SANTIAGO had a firearm license and offered to sell automatic firearms to the Undercover Agent, I submit there is probable cause to believe that he was knowledgeable of the automatic characteristics of his own firearm.

18. As indicated, [2] COLON-ARROYO's firearm had an external machinegun conversion device that was noticeable given its color contrast and the fact it protrudes from the back of the firearm. Moreover, he discharged his firearm. Therefore, I submit there is probable cause to believe that he was aware of the automatic characteristics of his own firearm.

19. [3] COIMBRE-LUGO was interviewed on April 11, 2026. After knowingly waiving his constitutional rights, [3] COIMBRE-LUGO admitted that he knowingly participated in the planning and execution of attempted armed robbery, that he acted as the driver, and that he knew the two firearms used had obliterated serial numbers and were modified to function as machineguns. He knowingly aided and abetted the robbery and the possession of the firearms.

20. [3] Efren COIMBRE-LUGO was previously convicted of a crime punishable by imprisonment for a term exceeding one year and effectively sentenced to more than one year. Court records show he was aware that his conviction was for a felony offense. He is currently on federal supervised release.

21. No firearms or ammunition are manufactured in Puerto Rico. Therefore, the aforementioned Glock pistols were shipped and transported in interstate and foreign commerce.

## CONCLUSION

22. Based on the above facts, I respectfully submit there is probable cause to believe that [1] Noe Emanuel TORRES-SANTIAGO, [2] Jose Angel COLON-ARROYO, and [3] Efren COIMBRE-LUGO, aiding and abetting each other, violated Title 18, United States Code, Section 922(o) (possession of a machine gun), and Title 18, United States Code, Section 922(k) (possession of a firearm with an obliterated serial number). [3] Efren COIMBRE-LUGO also violated Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a convicted felon).

I hereby declare, under penalty of perjury, that the information contained in this Affidavit is known to be true and correct to best of my knowledge.

CYRIL PEREIRA Digitally signed by CYRIL PEREIRA
Date: 2026.04.11 20:44:48 -04'00'

Cyril X. Pereria
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn pursuant to FRCP 4.1 at  _10:08 PM_  by telephone, this 11th day of April, 2026.

Hon. Marcos E. López
United States Magistrate Judge
United States District Court
District of Puerto Rico

8